[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12320

Non-Argument Calendar

_____

ALONZO BERNARD MCAFFEE,

Plaintiff-Appellant,

versus

CITY OF CLEARWATER,
JASON MOORE,
in his individual capacity ,
JOSEPH MAY,
in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02763-SDM-SPF

_____

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Alonzo Bernard McAffee appeals the district court's order dismissing his claims under 42 U.S.C. § 1983 for malicious prosecution. After careful consideration, we affirm.

**I.**

In the early morning hours of August 3, 2017, McAffee was standing in his front yard while listening to music, smoking a cigarette, and talking on the phone. Two men, whom McAffee did not recognize, ran toward him. The two men were City of Clearwater police officers Jason Moore and Joseph May. Although McAffee was not engaged in any criminal conduct and did nothing to interfere with the officers, the officers arrested McAffee, asserting that he had run away from them and disobeyed their commands to stop running.

McAffee faced both state and federal charges arising out of this incident. Based on the officers' reports that McAffee had run from them and disobeyed their commands, he was charged in Florida state court with resisting an officer without violence. A few

months after the incident, a state prosecutor filed a nolle prosequi stating that further prosecution was not warranted.

Shortly before the state court charges were dismissed, McAffee was charged in federal district court with being a felon in possession of a firearm. McAffee faced this charge based on Moore and May's report that they found a firearm in McAffee's pocket when he was arrested. In the federal criminal case, McAffee filed a motion to suppress, arguing that his arrest was unlawful. The district court granted McAffee's motion to suppress, and in April 2018, the district court dismissed the indictment.

In November 2021, McAffee filed a civil lawsuit against Moore and May in federal district court. He brought several claims against the officers under 42 U.S.C. § 1983, including claims for false arrest, use of excessive force, and malicious prosecution. Regarding the malicious prosecution claim, the complaint alleged that the officers "intentionally, knowingly, and maliciously provided false statements to prosecuting authorities which formed the basis" of the federal criminal case against McAffee. Doc. 1 at ¶¶ 66, 96.[1]

The officers filed a motion to dismiss the complaint. They argued that the § 1983 false arrest and excessive force claims were barred by the applicable statute of limitations. They explained that these claims accrued on August 3, 2017, when the officers arrested McAffee, and the applicable limitations period was four years.

---

[1] "Doc." numbers refer to the district court's docket entries.

4                      Opinion of the Court                      22-12320

Because McAffee waited more than four years from the date the claims accrued, the officers argued, the claims were untimely.

The officers acknowledged that McAffee's § 1983 malicious prosecution claims appeared to be timely. They nevertheless argued that these claims should be dismissed because the complaint failed to state a claim for relief.

After the officers filed the motion to dismiss, McAfee received leave to file an amended complaint. In the amended complaint, he made the same general allegations about the August 3 incident in which he was arrested. But in the amended complaint, unlike the original complaint, McAffee alleged that due to the officers' false report, he had been charged in Florida state court with resisting an officer without violence. Nowhere did the amended complaint mention the federal criminal charges against him. And in the amended complaint McAffee asserted § 1983 claims only for malicious prosecution.

The officers moved to dismiss the amended complaint. As relevant for our purposes, the officers argued that the amended complaint failed to state a § 1983 claim for malicious prosecution because the "alleged constitutional violations occur[red] *before* the institution of a judicial proceeding." Doc. 24 at 8 (emphasis in original).

The district court granted the motion to dismiss. It explained that McAffee failed to state a claim for malicious prosecution because his claims arose out of "events . . . that occurred before the

prosecution began." Doc. 29 at 2. The court dismissed the § 1983 malicious prosecution claims with prejudice.[2]

This is McAffee's appeal.

## II.

We review *de novo* a district court order granting a motion to dismiss for failure to state a claim for relief, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *See Fox v. Gaines*, 4 F.4th 1293, 1295 (11th Cir. 2021).

## III.

McAffee argues that the district court erred in dismissing his § 1983 claims for malicious prosecution. A § 1983 malicious prosecution claim has two basic elements: the plaintiff must prove that (1) "the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process" and (2) "the criminal proceedings against [the plaintiff] terminated in his favor." *Luke v. Gulley*, 50 F.4th 90, 95 (11th Cir. 2022) (internal quotation marks omitted). The central issue in this appeal is whether, assuming the allegations in in the amended complaint are true, any

---

[2] In the amended complaint, McAffee also brought state-law malicious prosecution claims against the officers and the City of Clearwater. The district court declined to exercise supplemental jurisdiction over these claims. Because McAffee raises no argument on appeal challenging the district court's decision not to exercise supplemental jurisdiction, we discuss the state-law claims no further.

Fourth Amendment violation was a "seizure[] pursuant to legal process." *Id.*

We have previously identified the types of deprivations of liberty that qualify as seizures pursuant to legal process and give rise to § 1983 malicious prosecution claims. *See Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). We have recognized that "warrant-based seizures" as well as "seizures following an arraignment, indictment, or probable-cause hearing" qualify as seizures pursuant to legal process. *Id.* In contrast, a plaintiff who is subjected to a warrantless arrest but is not detained after the commencement of judicial proceedings generally does not suffer a seizure pursuant to legal process. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004). Although a person suffers a seizure at the time of the warrantless arrest, the seizure is not pursuant to legal process because it "occur[s] prior to the time of arraignment" and the commencement of the judicial proceedings. *Id.*[3]

In *Kingsland*, a plaintiff who was subjected to a warrantless arrest but not placed in detention after the commencement of judicial proceedings argued that she suffered a seizure pursuant to legal process because she was required to adhere to certain conditions while on pretrial release. *See id.* at 1235–36. She pointed out

---

[3] A plaintiff claiming that an officer made a warrantless arrest without probable cause may have a § 1983 claim for false arrest. *See Kingsland*, 382 F.3d at 1226. But McAffee's amended complaint included no § 1983 false arrest claim alleging that a constitutional violation occurred at the time of the warrantless arrest.

that after the judicial proceedings commenced, she was required to post a bond and appear in proceedings to defend herself in court. *Id.* at 1235. We rejected this argument, concluding that these "normal conditions of pretrial release" did not impose a seizure for purposes of a malicious prosecution claim. *Id.* at 1236. We explained that for a condition of pretrial release to constitute a seizure, the plaintiff must show "some significant, ongoing deprivation of liberty, such as a restriction on [his] right to travel interstate." *Id.*

Here, McAffee argues that his amended complaint stated a claim for § 1983 malicious prosecution because he alleged that the officers "falsely" stated to "prosecuting authorities that . . . McAffee resisted arrest . . . and those false allegations[] caused the State of Florida to commence criminal prosecution" against him. Appellant's Br. at 11. But to state a claim for malicious prosecution, the amended complaint also had to allege that McAffee suffered an unconstitutional "seizure pursuant to legal process." *Williams*, 965 F.3d at 1158 (internal quotation marks omitted). We conclude that the amended complaint failed to state a claim for relief because there was no allegation that any seizure occurred after the commencement of the state judicial proceedings. Indeed, there was no allegation that McAffee was arrested pursuant to a warrant. And there was no allegation that he was subjected to a seizure following an arraignment, indictment, or probable-cause hearing in the state

criminal case.[4] Absent any allegation that McAffee suffered a seizure pursuant to legal process in the state court action, we agree with the district court that he failed to state a claim for relief.[5] *See id.*; *Kingsland*, 382 F.3d at 1236.

---

[4] The fact that McAffee's original complaint alleged that he faced federal criminal proceedings arising out of this same incident does not help him. When he filed the amended complaint, the initial complaint, which referenced the federal criminal case, "became a legal nullity," and the allegations in the initial complaint "were no longer a part of [McAffee's] averments against" the officers. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (alteration adopted) (internal quotation marks omitted). As a result, we do not consider the federal criminal proceedings in our analysis of whether McAffee stated a claim.

[5] In his appellant's brief, McAffee also suggests that the district court erred in dismissing his complaint with prejudice. His arguments about why the district court erred in entering a dismissal with prejudice are identical to the arguments he raises in challenging the district court's determination that he failed to state a claim for relief. And, as we explained above, the district court did not err in concluding that he failed to state a claim for relief.

To the extent McAffee is arguing that the district court should have granted him leave to file a second amended complaint instead of entering a dismissal with prejudice, we conclude that the district court did not abuse its discretion. We reach this conclusion because in the district court McAffee never sought leave to file a second amended complaint or argued that he could cure the defects in his amended complaint in a subsequent pleading. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 n.14 (11th Cir. 2015) (holding that district court did not abuse its discretion in failing to grant plaintiff leave to amend his complaint when the plaintiff "never made a motion to amend his complaint, nor did he ever suggest how he could cure his defective complaint in a subsequent pleading").

## IV.

For the reasons set forth above, we AFFIRM the district court.

**AFFIRMED.**